UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: Gilberto M. Medrano

Debtor(s)

Case No. 19-10037

Chapter 13

## CHAPTER 13 PLAN

⦿ **Original** *or*   ○ **Amended** *(must complete box on top right)*
○ **Post Confirmation** *(Date Order Confirming Plan was entered):* _____

**Date this plan was filed:**   Mar 5, 2019

## PART 1: NOTICES

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) seven (7) days before the hearing date on confirmation or (ii) if the confirmation hearing is scheduled to occur earlier than thirty-five (35) days from the filing of an amended Plan, said hearing shall be continued to the next available hearing date assigned by the Court and any objections to the amended plan must be filed at least seven (7) days before the confirmation hearing date, unless the Court orders otherwise. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. A copy of your objection must be served on the Debtor(s), Attorney for the Debtor(s), the Chapter 13 Trustee and any party or attorney who has filed an appearance and requested service of pleadings. The Bankruptcy Court may confirm the Plan without further notice and hearing if no objection to confirmation is filed. **Any creditor's failure to timely object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A) and FRBP 3015.** You have or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **A claim must be filed and allowed for a creditor to receive a distribution, including secured claims.** *See* **FRBP 3002.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on the Chapter 13 Trustee, all creditors and all interested parties within twenty four (24) hours of its filing with the Court in the manner required under the United States Bankruptcy Code (Title 11 U.S.C.), the Federal Rules of Bankruptcy Procedure ("FRBP"), and the Rhode Island Local Bankruptcy Rules ("R.I. LBR"). *See* R.I. LBRs 3015-1, 3015-2, 9013-3, and Part 9 of this Plan. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of the Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If a provision is checked as "Not Included," both boxes are checked, or no box is checked, the provision will be void if set out later in the Plan. Failure to properly complete this section may result in denial of confirmation of your Plan. DO NOT CHECK BOTH BOXES. DO NOT LEAVE BOTH BOXES BLANK.**

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B(1), which may result in a partial payment or no payment at all to the secured creditor. | ○ Included | ● Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ○ Included | ● Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ○ Included | ● Not Included |

# PART 2: PLAN LENGTH AND PAYMENTS

A. **LENGTH OF PLAN**

○ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

○ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

● 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause: Debtor needs additional months to cure his mortgage arrears ; or

○ Other (state number of months): _____

B. **MONTHLY PAYMENTS [use worksheet on Exhibit 1]**

1. $450.00 per month for 60 months.

C. **ADDITIONAL PAYMENT(S)**

☒ None.

# PART 3: SECURED CLAIMS

☐ None. *If "None" is checked, the rest of Part 3 need not be completed.*

A. **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS**

☐ None. *If "None" is checked, the rest of Part 3A need not be completed.*

☒ Secured Claims in default shall be cured and payments maintained as set forth in (1) and/or (2) below. *Complete (1) and/or (2)*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THE PLAN**

Prepetition arrearage amounts are to be paid through the plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) listed in a timely filed Proof of Claim controls over any contrary amount(s) listed below. If relief from the automatic stay is ordered as to any collateral listed in this paragraph, then all payments paid through the plan as to that collateral will cease unless the Court orders otherwise.

(a) **Secured Claims (Principal Residence)**

Address of Principal Residence: 134 Pocasset Avenue Providence RI

The Debtor(s) estmate that the fair market value of the Principal Residence is: $0.00

| Name of Creditor | Type of Claim (e.g., lien, mortgage) | Amount of Arrears |
|---|---|---|
| Lakeview Loan Servicing | Mortgage | 20,000 |

Total of prepetition arrears on Secured Claims (Principal Residence): $20,000.00

(b) **Secured Claims (Other)**

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| BMW Financial | Auto Loan | 2017 BMW | $1,500.00 |

Total of prepetition arrears of Secured Claims (Other): $1,500.00

Total of prepetition arrears to be paid through the Trustee [(a) + (b):] $21,500.00

**(2) MAINTENANCE OF CONTRACTUAL PAYMENTS (TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS)**

Regular payments are to be paid directly by the Debtor(s) to creditors. The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules. The following claims are current:

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Lakeview Loan Servicing | Mortgage | 134 Pocasset Ave |
| BMW Financial | Auto Loan | 2017 BMW |

B. **MODIFICATION OF SECURED CLAIMS**

☒ **None.** *If "None" is checked, the rest of Part 3B need not be completed.*

C. **SURRENDER OF COLLATERAL**

☒ **None.** *If "None" is checked the rest of Part 3C need not be completed.*

## PART 4: PRIORITY CLAIMS

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed.*

☐ The following priority claims will be paid in full without postpetition interest.

Unless the Court orders otherwise, the amount in a timely filed Proof of Claim controls over any contrary amount listed below.

### A. DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  | $0.00 |

### B. OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  | $0.00 |

**Total of Priority Claims (except Administrative Expenses) to be paid through the Trustee:** $0.00

### C. ADMINISTRATIVE EXPENSES:

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Fees |
|---|---|
| Robert B. Jacquard | $3,000.00 |

If the attorney's fee exceeds the amount set forth in Appendix III of the local rules, the Trustee may not pay any excess claim until such time as the Court approves a fee application. *See*, LBR 2017-1(b). If no fee application is approved, any excess monies will be disbursed to other creditors up to a 100% dividend.

**(2) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

**Total of Administrative Expenses (excluding the Trustee's Commission) to be paid through the Trustee:** $3,000.00

## PART 5: NONPRIORITY UNSECURED CLAIMS

☒ **None.** *If "None is checked, the rest of Part 5 need not be completed.*

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ **None.** *If "None" is checked, the rest of Part 6 need not be completed.*

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Property of the estate will vest in the Debtor(s) who are entitled to a discharge upon entry of the discharge. For all other Debtor(s), property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

# PART 9: PLAN SERVICE AND SIGNATURES

By signing this document, the Debtor(s) acknowledge reviewing and understanding the provisions of this plan.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Local Form 3015-1.1, including exhibits, other than any nonstandard provisions in Part 8.

Pursuant to R.I. LBR 3015-1(b), the Debtor(s) or his/her/their counsel, must serve a copy of the Chapter 13 Plan upon the Chapter 13 trustee, all creditors and all interested parties, within twenty-four (24) hours of its filing with the Court. A certificate of service must be filed within fourteen (14) days thereafter. If the Debtor(s) checked the box "Included" in Part 1, §§ 1.1 or 1.2, the Debtor(s) must also comply with the service requirements contained in R.I. LBR 3015-1(c) and 9013-3(b).

/s/ Gilberto Medrano  
Debtor 1

Mar 5, 2019  
Executed on: (Date)

Debtor 2

Executed on: (Date)

/s/ Robert B. Jacquard  
Signature of Attorney for Debtor(s)

Mar 5, 2019  
Executed on: (Date)

Print Name: Robert B. Jacquard

Bar Number: 6077

Address: 231 Reservoir Avenue Providence RI 029

Telephone: 401-467-2300

Email Address: bjacquard@gmail.com

## CALCULATION OF TOTAL MONTHLY PLAN PAYMENTS

a) Secured claims (Part 3.A and Part 3.B(1)-(3) Total): $21,500.00

b) Priority claims (Part 4.A & Part 4.B Total): $0.00

c) Administrative claims (Part 4.C Total): $3,000.00

d) Nonpriority unsecured claims (Part 5.E Total): $0.00

e) Separately classified unsecured claims (Part 5.F Total): $0.00

f) Executory contract/lease arrears claims (Part 6 Total): $0.00

g) Total of a + b + c+ d + e + f: $24,500.00

h) Divided (g) by .90 for total cost of plan including Trustee's fee: $27,222.00

i) Divide (h), Cost of plan, by term of plan, __60__ months: $0.00

j) Round up to the nearest dollar amount for Plan payment: $450.00

*If this is either an amended plan and the plan payment has changed, or if this is a post confirmation amended plan, complete (a) through (h) only and the following:*

k) Enter the total amount of payments Debtor(s) has paid to Trustee: $0.00

l) Subtract line (k) from line (h) and enter result here: $0.00

m) Divide line (l) by the number of months remaining ( _____ months): $0.00

Round **up** to the nearest dollar amount for amended plan payment: $0.00

Date the amended plan payment shall begin:

The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of allowed administrative expenses, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

EXHIBIT 2                                                                                     Not Needed ☒